# Bains *v.* Hall, Appellant.

*Landlord and tenant—Lease—Date of payment of rent—Change in date—Judgment—Opening judgment.*

1. An order refusing to open a judgment in ejectment on a lease will not be reversed where it appears that the lessee claimed that the payment of rent was to be made on July 1st, and that judgment had been entered on June 13th, but the evidence shows that the original lease held by the lessor, and the carbon copy held by the lessee must have been originally written with the date June 1st, although the carbon copy had the date changed to July 1st.

2. In such case, if the word "July" was substituted for the word "June" in the lessee's copy, and the change was made at the latter's instance, it was his duty to call the lessor's attention to the fact before the execution of the papers, and, not having done so, he is not in a position to take advantage of the change.

Argued February 21, 1922.   Appeal, No. 190, Jan. T., 1922, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1921, No. 2072, discharging rule to open judgment, in case of Erskine Bains v. Hugh A. Hall (appellant) and Herman G. Freed.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Rule to open judgment.   Before MARTIN, P. J.
The opinion of the Supreme Court states the facts.
Rule discharged.   Defendant Hall appealed.

*Error assigned* was order, quoting it.

*Thomas F. Gain,* for appellant.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellee.

PER CURIAM, March 6, 1922:
Defendant appeals from the discharge of a rule to open a judgment in ejectment entered on a lease.   Plaintiff, on May 6, 1921, leased to defendants, for a term of years, the basement premises at the southeast corner of Twelfth and Chestnut streets, Philadelphia.   A typewritten lease was executed in duplicate.   The copy held by plaintiff required the first payment of $2,500 on account of rent to be made on the first day of June, 1921. Payment not having been made on that date or previous to June 13, 1921, plaintiff, on the latter date, entered judgment under the provisions of the lease and repossessed himself of the premises.   In the petition to open the judgment, appellant, one of the lessees, claims the first payment of rent did not become due until July 1, 1921, that the ejectment proceeding was, consequently, premature and, in support of his contention, produced his copy of the lease which provides for payment of the $2,500 on July 1, 1921.   Depositions were taken by the parties to determine the proper date, which were considered by

the court below and in our opinion are ample to sustain the court's conclusion that the contract and typewritten copies as originally drawn required payment on June 1, 1921. Plaintiff held the original copy and defendant the carbon copy and how the latter could read July instead of June as in the original without rewriting the word, or at least its last two letters, is not made plain. Presumably the carbon copy was an exact copy of the original. If the word "July" was substituted for "June" in defendant's copy, as the court has found by refusing to open the judgment, and the change made at defendant's instance, it was his duty to call plaintiff's attention to the fact before execution of the papers and, not having done so, he is not now in position to take advantage of the change: Williamson v. Dawson, 272 Pa. 370.

Judgment affirmed at costs of appellant.